NO. 07-06-0208-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 30, 2008
______________________________

DANNY VAUGHAN AND KATHLEEN VAUGHAN, 

                                                                                                 Appellants

v.

ROSS PHILLIPS d/b/a READY-BUILT HOMES AND 
                                              ON-SITE CONSTRUCTION, 

                                                                                                 Appellee
_________________________________

FROM THE 110TH DISTRICT COURT OF BRISCOE COUNTY;

NO. 3100; HON. JOHN R. HOLLUMS, PRESIDING 
_________________________

Memorandum Opinion
________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
          This lawsuit involves the construction of a pre-built home by Ross Phillips /d/b/a
Ready-Built Homes and On-Site Construction (Phillips) for Danny and Kathleen Vaughan
(the Vaughans).


 When the Vaughans failed to pay Phillips the remainder due under the
contract, he filed a lien against the property and sued for breach of contract. The
Vaughans counterclaimed alleging that Phillips failed to build and complete the home in
a good and workmanlike manner. Upon trial by a jury, judgment was entered effectively
denying all litigants the recovery of monetary damages.


 Both the Vaughans and Phillips
perfected an appeal. We reverse and remand in part and affirm in part.
          Vaughans’ Appeal
          Issue One
          The Vaughans initially contend that the jury’s answer to jury question two should be
disregarded. That question pertained to the identity of the litigant who first breached the
contract. The Vaughans believe that the answer should be disregarded because their
opponent judicially admitted, via his pleadings, that their breach occurred after his. We
overrule the issue.
          Through jury issue one of the charge, the trial court asked the jury to determine who
breached the construction contract. The choices given were Danny Vaughan, Kathleen
Vaughan, and Phillips; furthermore, all three were found to have materially breached the
agreement. Via the next question, the jury was asked to identify who materially breached
first. It found that both Vaughans did. This answer should be disregarded, according to
the Vaughans, because Phillips represented, in his live pleading that 1) “[o]n September
23, 2004, the Vaughans informed [him] that they would not allow [him] to continue
construction,” 2) he “fully performed his obligations under the Contract to the extent
allowed by” the Vaughans, and 3) “the Vaughans prevented [his] completion of his work
. . . by locking [him and his contractors] out” and representing that “no other work would be
allowed by Phillips on the Houses.” These averments purportedly constituted a judicial
admission that the Vaughans did not breach the agreement until September 23, 2004,
which date allegedly fell after the July 2004 conversation wherein Phillips stated that he
was ceasing work. 
          That factual statements uttered in pleadings may constitute judicial admissions is
beyond doubt. See Horizon/CMS Healthcare Corp. v. Auld, 34 S.W.3d 887, 905 (Tex.
2000) (defining judicial admission as including factual statements in pleadings). Yet, to be
such an admission, the utterance must be clear, deliberate, and unequivocal. Id. If so,
then the admission pretermits the introduction of contrary evidence and relieves the jury
from having to address whether the admitted fact actually arose or occurred. Id. With that
in mind, we turn to the wording at issue and immediately note that it says nothing about
anyone breaching the contract first. Nor do the words suggest the absence of any other
breach committed by the Vaughans before September 23, 2004; indeed, any suggestion
to the contrary would be quickly dispelled by Phillips’ earlier averment regarding their
failure to make payments per the agreement. And, this allegation about payment is of
import given Phillips’ characterization of the breach as encompassing both his inability to
continue due to their action and their non-payment. So, when taken in context, we cannot
say that the allegations considered to be admissions by the Vaughans clearly, deliberately
and unequivocally illustrate that Phillips breached the contract first. So, those allegations
did not bar the trial court from submitting question two to the jury.
 
 
 
          Issue Two
          Next, the Vaughans contend the trial court erred in denying them attorney’s fees. 
They believed themselves entitled to same under §38.001 of the Civil Practice and
Remedies Code and §53.156 of the Property Code. We overrule the issue.
          As suggested by the Vaughans, a prevailing party may indeed recover attorney’s
fees under §38.001 of the Civil Practice and Remedies Code when suing upon a contract. 
Tex. Civ. Prac. & Rem. Code Ann. §38.001(8) (Vernon 1997). And, they did allege causes
of action against Phillips sounding in contract. However, the jury awarded them no
damages, and this is fatal to their issue. Green International v. Solis, 951 S.W.2d 384, 390
(Tex. 1997) (requiring the recovery of damages as a prerequisite to the recovery of
attorney’s fees under §38.001). And, we reject their proposition that because they need
not pay Phillips the remainder of the contract price they were effectively awarded damages.
The two are just not the same thing; escaping liability differs from obtaining affirmative
monetary relief.
          As for the request implicating the Property Code, §53.156 states that in a case to
foreclose on a lien or to declare a lien invalid, “the court may award costs and reasonable
attorney’s fees as are equitable and just.” Tex. Prop. Code Ann. §53.156 (Vernon 2007)
(emphasis added). By use of the word “may,” however, the legislature made the award
discretionary on the part of the trial court; simply put, it need not award costs of fees even
to a prevailing party. Texas Wood Mill Cabinets, Inc. v. Butler, 117 S.W.3d 98, 107 (Tex.
App.–Tyler 2003, no pet.); World Help v. Leisure Lifestyles, Inc., 977 S.W.2d 662, 685
(Tex. App.–Fort Worth 1998, pet. denied). Given this, we cannot say that the trial court
erred in denying the Vaughans such fees at bar, especially since the jury found that they
had indeed breached their contract with Phillips.
Issue Three
          Finally, the Vaughans argue that the trial court erred in failing to submit a question
to the jury on detrimental reliance as an independent basis for recovering damages. We
overrule the issue.
          Noticeably absent from the Vaughans’ argument is citation to authority indicating
that detrimental reliance is an independent cause of action entitling one to damages. This
is especially troublesome because detrimental reliance normally does not constitute an
independent cause of action entitling one to monetary recovery. See University of Texas
Sys. v. Courtney, 946 S.W.2d 464, 468 (Tex. App.–Fort Worth 1997, writ denied) (stating
that detrimental reliance is not an independent tort). Rather, authorities treat it as an
equivalent to contractual promissory estoppel, id., or as an element of promissory estoppel. 
Ludman v. Pacific Southwest Bank, F.S.B., No. 05-96-01128-CV, 1998 Tex. App. Lexis
7516 (Tex. App.–Dallas 1998, no pet.) (not designated for publication). Moreover, the
Vaughans did not seek the submission of a question on promissory estoppel. 
Consequently, we cannot say that the trial court erred in submitting the question. 
          Phillips’ Appeal
          Issue One
          In the first of two issues, Phillips contended that the jury’s answer to a subsection
of Question No. 4 lacked evidentiary support, and because it did, the ultimate answer
provided by the jury was similarly deficient. We sustain the issue.
          Through question four, the jury was asked to assess the amount of money that
would compensate Phillips for the damages suffered from the Vaughans’ breach of
contract. Among the various indicia it was directed to consider in arriving at the sum was
a provision asking the factfinder to determine the “reasonable and necessary cost of
complet[ing]” the construction project. The jurors found that sum to be $51,680. Phillips
questioned that finding since, in his view, no evidence appears of record illustrating that
the work and charges upon which the sum was based were reasonable and necessary. 
          Completion costs must be reasonable and necessary to be recoverable. Mustang
Pipeline Co. v. Driver Pipeline Co., 134 S.W.2d 195, 200 (Tex. 2004). Furthermore,
evidence of what one paid or was charged to complete a project is no evidence that either
the payment or charge was reasonable and necessary. Id. at 200-201. And, therein lies
the problem here. The Vaughans proffered evidence that another contractor would charge
them approximately $75,000 to repair the deficiencies in construction and complete the
project. Yet, whether those charges were “reasonable” went undeveloped. The contractor
did not so testify; nor did anyone else familiar with the repairs purportedly needed to be
done. Again, the Vaughans merely tendered evidence of what one contractor would
charge them. And, if Mustang Pipeline is to be followed, we cannot but conclude that such
information constitutes no evidence of reasonableness. 
          On the other hand, we cannot agree with Phillips’ proposition that he proved as a
matter of law that the reasonable and necessary expense of completion equaled $2500. 
This is so because testimony appears of record illustrating that the work contemplated in
deriving that sum omitted other work thought necessary by other witnesses. For instance,
witness Tillery opined that the home’s foundation had to be repaired as well, but that task
was omitted from the $2500 estimate provided by Phillips.


 Thus, the jury was free to
reject that sum as being indicative of the reasonable and necessary cost of completion.
          Given that one of the several elements upon which the jury’s answer to question
four depended lacked evidentiary support, we must conclude that the ultimate answer was
similarly deficient. And, because no evidence appears of record which would entitle us to
determine the accurate sum as a matter of law, we have no choice but to remand the topic. 
So too must the issue of breach be remanded given that liability was disputed. Tex. R.
App. P. 44.1(b) (stating that an appellate court cannot remand solely on the issue of
unliquidated damages if liability was disputed).
          Issue Two
          Through his second issue, Phillips contends that the trial court erred in denying him
attorney’s fees. Yet, in view of the record before us, we cannot say that he prevailed on
any claim entitling him to such fees at this point. Consequently, we overrule the issue.          We reverse those portions of the judgment denying Phillips recovery against the
Vaughans for breach of contract and according the Vaughans an offset of $51,680,
remand the issues of whether the Vaughans breached the contract and the damages
arising from the breach to the trial court, and affirm the remainder of the judgment.
 
                                                                                      Brian Quinn 
                                                                                     Chief Justice